UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRECISION WEATHER SOLUTIONS, INC.,  )
                                    )
                  Plaintiff,        )
                                    )
v.                                  )   Case No.  24-2258-DDC-GEB
                                    )
HUDSON INSURANCE COMPANY,           )
ODYSSEY GROUP HOLDINGS, INC.,       )
                                    )
                  Defendants.       )
_____ )

## ORDER

This matter comes before the Court on Defendants' Motion to Seal Exhibits 1-3 of Dan Gasser's Declaration Filed in Support of Defendants' Motion to Dismiss ("Motion") **(ECF. No. 22)**. Defendants seeks to maintain under seal the above identified provisionally sealed documents. After review of Defendants' Motion as well as the provisionally sealed documents, and for the reasons set forth below, the Court **GRANTS in part and DENIES in part** Defendant's Motion **(ECF No. 22)**.

## I.      Background[1]

Plaintiff brings this action for misappropriation of trade secrets pursuant to the Defend Trade Secrets Act and Kansas Uniform Trade Secrets Act. Defendants file the instant Motion seeking to permanently seal Exhibits 1-3 to the declaration of Dan Gasser

---

[1] The facts cited herein are to provide a factual background for the pending motion only and do not constitute judicial findings of fact.

1

which was filed in support of Defendants' Motion to Dismiss. All three documents are related to contracts between Defendant Hudson Insurance Company ("Hudson") and non-party Farmers Edge, Inc ("Farmers Edge"). Exhibits 1 and 2 are 2021 and 2023 Strategic Collaboration Agreements between those parties and Exhibit 3 is a letter terminating the 2023 agreement.

Defendants did not follow the procedures set forth in D. Kan. R. 5.4.2. Rather than file the documents as a provisionally sealed document first, then providing notice as required, and finally filing a motion to seal or redact publicly; Defendants filed the Motion (ECF No. 22), the required notice (ECF No. 23), and provisionally sealed their Memorandum in Support of the Motion attaching the three provisionally sealed documents (ECF No. 24). The undersigned entered an Order on December 10, 2024 (ECF No. 25) directing Defendants to publicly file their Memorandum in Support without attaching the provisionally sealed documents. Defendants timely filed their Memorandum in Support (ECF No. 26). Plaintiff did not file a response in opposition. The Motion is now ripe for decision.

**II.   Discussion**

The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents."[2] The Tenth Circuit specifically recognizes the public's right to access judicial records.[3] This right helps to "preserv[e] the

---

2 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).
3 *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

integrity of the law enforcement and judicial process."[4] Therefore, "there is a 'strong presumption in favor of public access.'"[5] "That 'strong presumption' is heightened when the information subject to a seal or redaction request (1) provides the basis for a court's adjudication of the merits of the litigation; or (2) is disclosed in another form or during a public proceeding."[6]

The public's right of access, however, is not absolute.[7] "Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court."[8] The party "seeking to deny the public access to judicial records must shoulder the burden to establish that sufficiently significant interests 'heavily outweigh the public interest in access.'"[9] "[A]ny denial of public access to the record must be '*narrowly tailored* to serve th[e] interest' being protected by sealing or restricting access to the records."[10] Although Defendants' Motion is unopposed, the Court must still weigh the public's interests, which it presumes are paramount, against the interests argued by the Defendants.[11]

---

4 *In re Epipen (Epinephrine Injection, USP) Mktg. Sales & Practices Antitrust Litig.*, No. 17-md-2785-DDC, 2019 WL 2357374, at *1 (D. Kan. June 4, 2019) (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).
5 *Id.* (quoting *United States v. Pickard,* 733 F.3d 1297, 1302 (10th Cir. 2013)).
6 *Id.* (citing *Pickard*, 733 F.3d at 1305).
7 *Nixon*, 425 U.S. at 598; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).
8 *Mann,* 477 F.3d at 1149 (citing *Nixon*, 435 U.S. at 599).
9 *Fullington v. Illinois Tool Works, Inc.*, No. 21-2287-DDC, 2022 WL 1538679, at *1 (D. Kan. May 16, 2022) (quoting *Mann*, 477 F.3d at 1149).
10 *James v. Boyd Gaming Corp.*, No. 19-2260-DDC, 2020 WL 4569153, at *1 (D. Kan. Aug. 7, 2020) (quoting *Mann*, 477 F.3d at 1149) (emphasis in original).
11 *Helm*, 656 F.3d at 1292.

Documents may qualify to be sealed if they include "sources of business information that might harm a litigant's competitive standing."[12] When they contain "potentially confidential and proprietary information, such as information about business practices that is 'competitively sensitive,' 'may disadvantage the requesting parties' business interests unfairly, and thus may be filed under seal.'"[13] And when they contain "competitive strategies employed by the party requesting [ ] seal," "commercially sensitive information about [ ] strategy and motivations during negotiations….practices and services….[or] business practices of third parties."[14]

First, the Court will assess whether the "strong presumption" in favor of public access is heightened because the information sought to be sealed provides the basis for a court's adjudication of the merits of the litigation. Highly simplified, in Plaintiff's Complaint it alleges non-party Farmers Edge misappropriated and misused Plaintiff's trade secrets. The claims regarding Defendants alleged violation of the Defend Trade Secrets Act and Kansas Uniform Trade Secrets Act are based in part upon Hudson's contracts with Farmers Edge. Based upon Hudson's knowledge from its alleged partnership with Farmers Edge; purported regulatory due diligence requirements; and the close, intertwined relationship between Defendants, Plaintiff argues Defendants either did discover, or should have discovered, they were using trade secrets misappropriated from Plaintiff in their businesses. As a result, the Strategic Collaboration Agreements between Hudson and

---

12 *James*, 2020 WL 4569153, at *2 (quoting *Nixon*, 425 U.S. at 597).
13 *Id.* (quoting *In re Epipen*, 2019 WL 2357374, at *2-3).
14 *In re Epipen*, at *2-3.

Farmers Edge appear to be highly relevant not just to the Motion to Dismiss, which they are offered in support of, but also the merits of the litigation. Therefore, the Court finds the strong presumption in favor of public access is heightened regarding the Strategic Collaboration Agreements and the letter terminating the 2023 agreement.

Next, the Court will analyze whether Defendants have met their burden to show sufficiently significant interests which heavily outweigh the heightened public interest in access and if so, whether the requested seal is narrowly tailored. The Court will begin its analysis with Exhibit 3. Exhibit 3 is a letter from Hudson to Farmers Edge terminating the 2023 Strategic Collaboration Agreement. Defendants in their Memorandum in Support of their Motion to Dismiss state Hudson "formally terminated the parties' active Strategic Collaboration Agreement and relationship on February 7, 2024 because there were no active projects with Farmers Edge or any meaningful benefit provided" to Hudson.[15] Defendants argue the letter should be permanently sealed because it contains commercially sensitive, non-public business information that is confidential and proprietary. Despite this assertion, Defendants include nearly all of the substantive information contained in the letter in their Memorandum in Support which is filed publicly without redaction. The information included in both the letter and the Memorandum in Support is certainly not "non-public" business information. Having reviewed the letter in its entirety, the Court finds any information contained in the letter but not included in the Memorandum in Support is not commercially sensitive. The Court, therefore, finds Defendants have not met

---

15 ECF No. 19 at 9-10.

their burden to show sufficiently significant interests which heavily outweigh the heightened public interest in access. Defendants shall publicly file Exhibit 3, without redaction, no later than January 14, 2025.

The Court will turn to the two Strategic Collaboration Agreements which are sufficiently similar and can be addressed together. Defendants argue the Strategic Collaboration Agreements contain detail about the structure and operation of Hudson's and Farmers Edge's proposed collaboration under the agreements including the structure of decision-making functions, pricing of potential services, and listed responsibilities of the respective parties along with certain details of Farmers Edge's business practices. Having reviewed the agreements, the Court agrees certain provisions of the Strategic Collaboration Agreements contain such information and should be sealed. However, not all provisions of the contract contain such commercially sensitive information. Although the Court finds Defendants have met their burden to show sufficiently significant interests which heavily outweigh the heightened public interest in access to portions of the agreements, by requesting the agreements be sealed in their entirety, the Court finds Defendants' request is not narrowly tailored to serve the interest being protected by sealing the records. With the above in mind, the Court orders Defendants to publicly file Exhibits 1 and 2 with the following redactions no later than January 14, 2025, leaving all paragraph and subordinate paragraph numbers and headers unredacted:

- subparagraphs 3.1 through 3.4, including all subordinate subparagraphs;
- subparagraphs 4.1.2 through 4.1.3;

- subparagraphs 5.1 through 5.2, including all subordinate subparagraphs;
- paragraph 7;
- subparagraphs 10.2 through 10.3;
- paragraph 11;
- subparagraphs 12.1, 12.2, and 12.4; and
- the following provisions of Addendum 4.1.2 Statement of Work Template;
    - the two paragraphs between [Title of Project] and I. Brief Description of the Project;
    - the last paragraph in V. Representatives of Working Group;
    - the entirety of VI. Confidential Information and IP Terms; and
    - the last paragraph in VII. Background IP.

The Court permits the following additional redactions which are applicable to only one of the two agreements:

Exhibit 1 – Addendum 3.2 (leaving all paragraph titles unredacted)

- the second paragraph and following table in the section entitled "Program 1 Progressive Grower Program – Digital Solution;
- the entirety of the section entitled Program 2 Progressive Grower Program – Fertility Solution; and
- the entirety of the section entitled Terms & Conditions.

Exhibit 2

- projects 1 through 4 listed on the first page of the agreement.

For the reasons set out above, the Court **GRANTS in part and DENIES in part** Defendants' Motion **(ECF No. 22)**.

**IT IS THEREFORE ORDERED** Defendants publicly file Exhibits 1 and 2 with the redactions permitted above, no later than January 14, 2025. And Defendants publicly file Exhibit 3, without redaction, by the same date.

**IT IS FURTHER ORDERED** ECF No. 24 remain under seal and the Clerk is directed to remove the provisional designation.

Dated this 7th day of January, 2025 at Wichita, Kansas.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge