**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PRECISION WEATHER SOLUTIONS, INC., *Plaintiff,* v. HUDSON INSURANCE COMPANY, ODYSSEY GROUP HOLDINGS, LLC, JOHN DOES 1–10, *Defendants.* | Case No. 24-2258-DDC-GEB |

**STIPULATED ORDER REGARDING E-DISCOVERY**

For good cause shown and pursuant to the agreement of Plaintiff Precision Weather Solutions, Inc. and Defendants Hudson Insurance Company and Odyssey Group Holdings, LLC, hereafter referred to as "the Parties,"[1] and pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby adopts this *Stipulated Order Regarding E-Discovery* ("ESI Order") jointly submitted by the Parties and ORDERS as follows:

**I.    PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") as a supplement to the Federal Rules of Civil Procedure, the Scheduling Order, and this Court's Local Rules. All disclosures and productions made pursuant to this Stipulated Order Governing Discovery of Electronically Stored Information ("ESI Protocol") will be subject to the Protective Order entered in this case.

---

[1] Defendants John Does 1-10 have not been identified as of the filing of this Order. To the extent any such John Does are identified, the parties subject to this Order will confer with any identified John Does and their counsel to sign and be bound by this Order.

1

## II.    PRESERVATION

The parties agree to preserve ESI in accordance with the duties imposed by applicable law. The parties and counsel are responsible for taking reasonable and proportional steps to preserve unique ESI that is within their respective possession, custody, or control, and is discoverable under Federal Rule of Civil Procedure 26(b)(1).

## III.    SEARCH PROTOCOL

The parties agree to meet and confer by April 22, 2026, to come to a mutual agreement concerning search methodologies including without limitation, the number of custodians to be searched, the number of keyword search terms to be utilized, and the use of technology assisted review. If the producing party has identified a particular document as responsive to a discovery request such document shall be produced, regardless of whether it is located during the custodial searches or excluded as a result of the custodial searches. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper e-mail custodians, search terms, and time frame. Each requesting party shall limit its e-mail production requests to the number of email custodians and the number of search terms per custodian, as agreed to by the parties during, or shortly after, the April 22, 2026, meet and confer. The parties may jointly agree to modify these limits without the Court's leave.

The search terms shall be narrowly tailored to particular issues relevant to this case. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate

unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

## IV.    **PRODUCTION FORMAT**

The parties agree to produce electronic documents in accordance with this ESI Order and in the following format and manner:

(a) Database Load Files. Documents shall be provided with:

    i.    a delimited data file (.dat, .csv, or .txt) [Unicode]; and

    ii.    an image load file (.lfp, .opt, or .dii).

(b) Metadata Fields and Processing. Metadata and coding fields that exist and are reasonably available for a document shall be produced for that document.

(c) Bates Numbering. Images must be assigned a Bates/control number that shall always:

    i.    be unique across the entire document production;

    ii.    maintain a constant length (zero/0-padded) across the entire production;

    iii.    contain no special characters or embedded spaces; and

    iv.    be sequential within a given document.

(d) TIFFs. Single-page Group IV TIFF images shall be provided using at least 300 dots per inch ("DPI"). Each image shall have a unique file name, which is the Bates number reflected on the image. Original document orientation shall be maintained where

reasonably possible. Documents containing color need not be produced in color unless the receiving party makes a reasonable request for the production of a color copy of a previously produced document. Any documents produced in color should be produced in JPG or native format. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

(e) Text-Searchable Documents. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

(f) Native Files. Spreadsheets (*e.g.*, Microsoft Excel), PowerPoints, Access Databases, delimited text files, audio files, and video files shall be produced as native files. Natively produced documents may include a Bates-numbered TIFF image placeholder stating that the document has been produced in native format. The file name of any document produced natively must contain the Bates number associated with that document.

(g) Structured Data. Structured data ESI shall be produced in a reasonably usable format.

(h) Attachments – Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent document) shall be maintained both in the produced document and in the associated metadata.

(i) No Backup Restoration Required. Absent a showing of good cause, no party need

restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

(j) Voicemail and Mobile Devices. Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved. The only exception is if a Party permits individuals to conduct business-related communications via mobile phone in which case, the Parties agree they will preserve any relevant emails and other business-related communications located on employee mobile phones. To the extent there are emails and business-related communications on employee mobile phones, such searches and productions will be made pursuant to the parties' agreement regarding custodians, search terms, and time frame articulated in Section III above.

## V.   **MANNER OF PRODUCTION**

The production of any requested responsive and non-privileged ESI shall take place through a rolling production process and shall be completed in accordance with the then current Scheduling Order. All productions under 200GB shall be made by secure file transfer. Productions over 200GB shall be provided on encrypted physical media, such as external drive. If a producing party will be making a production via external drive, it must notify the receiving party at least two business days in advance so delivery can be accommodated.

(a) The secure file transfer or other production media must identify:

     i.    The producing party's name;

    ii.    The production range; and

    iii.    The production date.

(b) A statement of whether the file transfer or media contains information that is subject to the Protective Order.

(c) If the production is made via secure file transfer it shall be sent via FTP or SFTP link unless the parties agree otherwise. It must also provide instructions for downloading the materials and the required timeframe for the download.

(d) Production media shall always be encrypted. Passwords for encrypted media will be sent separately from the media itself.

## VI.    DOCUMENT UNITIZATION

If hard copy documents are scanned into an electronic form, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. The relationship of documents in a document collection (*e.g.*, cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a family relationship exists between the documents) shall be maintained throughout the scanning or conversion process.

## VII.    DE-DUPLICATION

To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values at the document level) reside within a party's data set, the party is only required to produce a single copy of a responsive document. De-duplication shall not break up document families. To the extent de-duplication is used, all custodians of a de-duplicated document must be identified in the "Duplicate Custodians" metadata field. Upon a request from a receiving party, the producing party shall search for and produce a duplicate document from a different custodial file. For email, de-duplication should take place at the family-level only; that is, an email is an exact duplicate only if the entire family set of documents, including the attachment(s) to the parent email, is duplicative of another

6

email family. A producing party may also de-duplicate emails in such a way as to eliminate earlier or incomplete chains and produce only the most complete iteration of an email chain.

If there are any handwritten notes or any other markings on a document, it shall not be considered a duplicate. Any document that contains an alteration, marking on, or addition to the original document shall be treated as a distinct version and shall be produced as such. These alterations include, but are not limited to, handwritten notes, electronic notes/tabs, edits, highlighting or redlining. If such markings/alterations are made in color, the documents must be produced in color.

## VIII.    DOCUMENTS PROTECTED FROM DISCOVERY

(a) Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. The process by which a party may "claw back" privileged ESI and documents without waiver shall be that set forth in the Protective Order entered in this action. The production of ESI as part of a mass production shall not itself constitute a waiver for any purpose.

(b) Communications involving trial counsel and privileged post-suit communications need not be placed on a privilege log. The producing party shall produce an updated privilege log that adds all newly withheld documents within a reasonable time after each production.

(c) Review for Responsiveness and/or Privilege. Irrespective of any search protocols agreed upon by the parties, the producing party, at its election, may review ESI for responsiveness, privilege, confidentiality, or any other applicable protection prior to

producing the ESI.

(d) Redactions. To the extent that a document is produced in redacted form, any redactions shall be clearly indicated on the face of the document, along with the basis for the redaction (*e.g.*, "Redacted – Privileged" or "Redacted - Personally Identifiable Data"). For any redaction other than a redaction of privileged material, such redactions shall be limited to information that contains personally identifiable information for employees, customers, or third parties. Where a responsive document contains both redacted and non-redacted content, the producing party shall produce the document with the redacted content redacted and the non-redacted portions unobstructed. Documents that are to be produced in Native Format but that require redactions may be produced as TIFF images with the relevant portions redacted, or, if a TIFF image production is not practicable (*e.g.*, the file is a video or spreadsheet), the producing party may produce a copy of the native file with the relevant portions redacted.

## IX.    SOURCE CODE

This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

## X.    MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO ORDERED.**

DATED: _____                    _____
                                           GWYNNE E. BIRZER
                                           U.S. Magistrate Judge

**IT IS SO STIPULATED**, through Counsel of Record.


By: */s/ Caroline Bader*
Caroline A. Bader, #24436
Adam P. Seitz, #21059
Clifford T. Brazen, #27408
**ERISE IP, P.A.**
7015 College Blvd., Suite 700
Overland Park, KS 66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601
carrie.bader@eriseip.com
adam.seitz@eriseip.com
cliff.brazen@eriseip.com

Christina Canino, *(Pro Hac Vice)*
**ERISE IP, P.A.**
717 17th Street, Suite 1400
Denver, CO 80202
Telephone: (913) 777-5600
Facsimile: (913) 777-5601
christina.canino@eriseip.com


**ATTORNEYS FOR PLAINTIFF**


Dated: March 25, 2026

By: */s/ Maxwell McGraw*
Maxwell C. McGraw (D. Kan. 79205)
B. Trent Webb (KS 15965)
**SHOOK HARDY & BACON LLP**
2555 Grand Blvd
Kansas City, MO 64108-2613
Phone: 816-474-6550
Fax: 816-421-5547
mmcgraw@shb.com
bwebb@shb.com

**ATTORNEYS FOR DEFENDANTS
HUDSON INSURANCE COMPANY
AND ODYSSEY GROUP HOLDINGS,
LLC**