## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PRECISION WEATHER SOLUTIONS, INC.,** | |
| **Plaintiff,** | **Case No. 24-2258-DDC-GEB** |
| **v.** | |
| **HUDSON INSURANCE COMPANY, et al.,** | |
| **Defendants.** | |

### MEMORANDUM AND ORDER

Defendants Hudson Insurance Company and Odyssey Group Holdings, Inc. filed a

Motion for Reconsideration (Doc. 41).  They ask the court to reconsider its Memorandum and

Order (Doc. 38), which granted in part and denied in part defendants' Motion to Dismiss (Doc.

18).  After defendants filed their motion, plaintiff secured leave, Doc. 70, and filed an Amended

Complaint (Doc. 73).  This new pleading names an additional defendant, Odyssey Reinsurance

Company, but otherwise largely mirrors the original Complaint.  *See* Doc. 73; *see also* Doc. 69-4

(redlined draft showing differences between the original Complaint and Amended Complaint).

As this Order explains, plaintiff's Amended Complaint renders moot defendants' Motion for

Reconsideration (Doc. 41), and the court thus denies it.

When a party "amends her complaint, the new pleading 'supersedes' the old one:  The

'original pleading no longer performs any function in the case.'"  *Royal Canin U. S. A., Inc. v.*

*Wullschleger*, 604 U.S. 22, 35 (2025) (quoting 6 *Wright & Miller's Federal Practice &*

*Procedure* § 1476 (3d ed. 2010)); *see also Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th

Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." (quotation cleaned up)).  Amended pleadings that change the parties, as here, "effectively remake the suit."  *Royal Canin*, 604 U.S. at 35.  And because the original Complaint is no longer a piece on the board, defendants' request for the court to reconsider its ruling on the legal sufficiency of that original Complaint is moot.  *See, e.g.*, *Schwartz v. Booker*, No. 09-cv-00915-WJM-KMT, 2011 WL 2560016, at *2 (D. Colo. June 28, 2011) (reasoning that, because an amended complaint moots a pending motion to dismiss, it also moots a motion to reconsider the denial of a motion to dismiss); *Donahue v. Kan. Bd. of Educ.*, No. 18-2012-CM, 2018 WL 9372469, at *1 (D. Kan. Mar. 19, 2018) (finding plaintiff's motion to reconsider dismissal order moot after granting leave to amend); *see also Saunders ex rel. Saunders v. USD 353, the Wellington Sch. Dist.*, No. 19-2538-DDC-TJJ, 2020 WL 3452976, at *1 (D. Kan. June 24, 2020) ("[T]he filing of an amended complaint renders moot *any* motion directed at the original complaint." (emphasis added)).  Stated differently, taking up the merits of defendants' reconsideration motion merely would perpetuate a debate about a pleading that "no longer performs any function in the case."  *Royal Canin*, 604 U.S. at 35 (quotation cleaned up).  The court declines to undertake such a superficial exercise.  It thus denies defendants' Motion for Reconsideration (Doc. 41) as moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Hudson Insurance Company and Odyssey Group Holdings, Inc.'s Motion for Reconsideration (Doc. 41) is denied.

2

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2026, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**